UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LEVI DAGAN CREEDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-00042-TWP-DML |
| | ) |
| TALBOT, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendants' Motion for Summary Judgment**

Plaintiff Levi Creedon ("Mr. Creedon"), an inmate at Branchville Correctional Facility, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights while he was a pretrial detainee at the Floyd County Jail. The defendants moved for summary judgment. Mr. Creedon has not responded and the time to do so has passed. The motion is now ripe for review. For the reasons explained in this Order, the defendants are entitled to summary judgment on all of Mr. Creedon's claims.

### I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th

Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II. Factual Background

The consequence of Mr. Creedon's failure to respond to the motion for summary judgment is that he has conceded the defendant's version of the facts. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

The incident underlying this action was recorded on video. The defendants have provided the video to the Court, and the Court has reviewed it. Dkt. 44. On February 11, 2018, Mr. Creedon was incarcerated at the Floyd County Jail. Two other individuals housed in the same dormitory as Mr. Creedon began fighting. Officer Talbott was the roaming officer, and he responded to the call about a physical altercation between inmate Joseph Collins and another unidentified individual.

The video shows Officer Talbott arrive in the dormitory and place Mr. Collins in handcuffs. Officer Talbott ordered the inmates to lie down both when he entered the dormitory and after placing Mr. Collins in handcuffs. While escorting Mr. Collins out of the dormitory, Officer Talbott noticed Mr. Creedon standing near the entry to the shower area. Officer Talbott again ordered Mr. Creedon to get on the floor. When Mr. Creedon failed to comply, Officer Talbott took

Mr. Creedon by the arm and placed him in a prone position on the floor. Other officers arrived in the dormitory, and Officer Archer assisted Officer Talbott with placing Mr. Creedon on the floor. Officer Archer then remained crouched over Mr. Creedon until Officer Talbott identified the other individual involved in the physical altercation.

The video depicts that Officer Talbott checked the shower area and other areas of the dormitory. He then placed the other inmate involved in the physical altercation with Mr. Collins in handcuffs. Officers escorted the two individuals out, and Mr. Creedon and the other individuals in the dormitory stood up.

### III. Discussion

The defendants recognize that Mr. Creedon was a pretrial detainee at the time of the incident. Therefore, the claim of whether the defendants subjected Mr. Creedon to cruel and unusual punishment is analyzed under the Fourteenth Amendment. "[A] pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015).

As the nonmoving party, Mr. Creedon is entitled to all reasonable inferences in his favor drawn from the admissible evidence and otherwise undisputed facts. *See Premcor USA, Inc. v. Amer. Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005). However, the Court must also "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007).

Here, the video evidence demonstrates that Officer Talbott and Officer Archer placed Mr. Creedon on the floor while responding to a physical altercation between inmates in the dormitory. Once Mr. Creedon was in a prone position on the floor, Officer Archer crouched over Mr. Creedon and kept his hands restrained. In their sworn affidavits, Officer Talbott and Officer

Archer state that they used force against Mr. Creedon to maintain order and discipline in the dormitory while also protecting their safety. The video demonstrates that their actions were not excessive in relation to that purpose. Therefore, Officer Talbott and Officer Archer are entitled to summary judgment.

### IV. Conclusion

For the reasons stated in this Order, the defendants' motion for summary judgment, dkt. [39], is **granted**. Final judgment consistent with this Order and the screening Entry, dkt. 4, shall now issue.

**IT IS SO ORDERED.**

Date: 7/19/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LEVI DAGAN CREEDON
213554
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514

Stephen C. Keller
SCHILLER BARNES & MALONEY, PLLC
skeller@sbmkylaw.com